```
            IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                   FORT WAYNE DIVISION


    UNITED STATES OF AMERICA,        )
                                     )
              Plaintiff,             )
                                     )
                                     )CAUSE NO: 1:15-cr-61
    v.                               )
                                     )
    RONALD WARD,                     )
                                     )
              Defendant.             )
    --------------------------------


          TRANSCRIPT OF SENTENCING HEARING HELD
             OCTOBER 7, 2016, BEFORE THE
       HONORABLE THERESA L. SPRINGMANN, UNITED STATES
                  DISTRICT COURT JUDGE



    APPEARANCES:



    FOR THE GOVERNMENT:       LOVITA MORRIS KING, AUSA
                              DEBORAH LEONARD, AUSA
                              3128 Federal Building
                              Fort Wayne, Indiana  46802



    FOR THE DEFENDANT:        NIKOS NAKOS, ESQ.
                              126 West Columbia, Suite 200
                              Fort Wayne, Indiana  46802

    ALSO PRESENT:             The Defendant in person
                              Jaime Klopfenstein, USPO


            TINA GALLUCCI, RMR, CRR, FCRR
            CERTIFIED REALTIME REPORTER
             1300 South Harrison Street
                    Suite 2105
             Fort Wayne, Indiana  46802
           tina_gallucci@innd.uscourts.gov
                  (260) 423-3060
```

1    (Whereupon, the following proceedings were held on

2    October 7, 2016, in open court, with the defendant appearing

3    in person and with his counsel:)

4         **THE CLERK:**  All rise.

5         **THE COURT:**  Please be seated.  We're on the record

6    this morning in the case of the United States of America

7    against Mr. Ronald Ward, under cause 1:15-cr-61.  This matter

8    is scheduled today for sentencing for Mr. Ward.

9    The Government is appearing by Assistant United States

10   Attorneys, Ms. Lovita Morris King and Ms. Deborah Leonard.

11   Mr. Ward is present in the courtroom in person, and also by

12   his attorney, Attorney Nikos Nakos.

13   Also participating in this hearing is the United States

14   Probation Officer assigned to Mr. Ward's case, Miss Jaime

15   Klopfenstein.

16   Now, during this hearing, I may need to ask Mr. Ward some

17   questions, and he may also wish to make a statement on his own

18   behalf.  So before we begin, Mr. Ward, if I could ask you to

19   please stand, and raise your right hand to be sworn.

20   (Whereupon, the defendant was sworn.)

21        **THE DEFENDANT:**  Yes, I do.

22        **THE COURT:**  You may go ahead and be seated now.

23   Mr. Ward, do you understand that now being under oath that

24   if you answer any of my questions falsely, or if you knowingly

25   make any false statements, that your false answers or

1   statements may later be used against you in another

2   prosecution for perjury or for making a false statement?

3          **THE DEFENDANT:**  Yes, I do.

4          **THE COURT:**  All right.

5      Now, on August 19th, 2016, the Court adjudged Mr. Ward

6   guilty on his plea of guilty to Count 4 of the indictment,

7   which charged him with filing a false tax return in violation

8   of Title 18 of the United States Code, Section 287.

9      Mr. Ward pled guilty pursuant to a written plea agreement,

10  which was filed into the record on July 28th, 2016, as docket

11  entry 65.

12     The Court will address the plea agreement a little later

13  in this proceeding, as it contains some important terms for

14  the Court to consider.

15     The Court received from the United States Probation

16  Officer a written presentence investigation report that was

17  prepared on September 23rd, 2016, and revised on October 4th,

18  2016, together with addenda.

19     I've studied that report and the addenda in advance of

20  today's hearing.  Counsel, let me confirm with you each in

21  turn at this time that you likewise received the presentence

22  report and the addenda, Ms. Morris King or Ms. Leonard for the

23  government?

24          **ATTORNEY LOVITA MORRIS KING:**  Yes, Your Honor.

25          **THE COURT:**  Okay.  Mr. Nakos, for your client?

1    **ATTORNEY NIKOS NAKOS:**  Yes, we have, Your Honor.

2        **THE COURT:**  And Mr. Nakos, were you given ample

3    opportunity to file objections with regard to the report?

4        **ATTORNEY NIKOS NAKOS:**  Yes, ma'am.

5        **THE COURT:**  All right.

6    Mr. Ward, let me ask you, sir, did you have sufficient

7    opportunity to review the presentence report, and the addenda,

8    and to discuss the contents of those documents with your

9    lawyer sometime prior to today's hearing?

10       **THE DEFENDANT:**  Yes, I did.

11       **THE COURT:**  All right.  The presentence report, and

12   the addenda have been filed in the record under seal.  It's

13   directed that if an appeal is taken, counsel on appeal shall

14   be permitted access to the sealed report.  It's further

15   directed that counsel on appeal are not permitted access to

16   the recommendation section of that report, which was docketed

17   separately.

18       Now, the first addendum to the presentence report

19   indicates that there are no factual issues in dispute.

20       Counsel, at this time, let me just confirm there are no

21   factual issues with regard to the presentence report.  Ms.

22   Morris King, is that correct, for the Government?

23       **ATTORNEY LOVITA MORRIS KING:**  That's correct, Your

24   Honor.

25       **THE COURT:**  Mr. Nakos, is that correct for your

1    client?

2           **ATTORNEY NIKOS NAKOS:**  Yes, Your Honor, that's

3    correct.

4           **THE COURT:**  There being no objections to the factual

5    statements contained in the presentence report, the Court

6    adopts those statements as its findings of fact.

7        Now, the addendum to the presentence report indicates that

8    there were 2 legal issues in dispute.  Mr. Nakos, having now

9    received the Probation Officer's response regarding the

10   guideline provisions that were used to determine the base

11   offense level, let me ask you, do you still -- does your

12   client still object to the base offense level used in

13   paragraph 28?

14          **ATTORNEY NIKOS NAKOS:**  No, ma'am, we withdraw that

15   objection.

16          **THE COURT:**  All right.  We'll show the withdrawal of

17   that objection.

18       Let me ask with regard to the second objection that Mr.

19   Ward should not have been assessed 3 criminal history points

20   for each of the convictions set forth in paragraphs 47 and 52,

21   does your client want to maintain his objection with regard to

22   that calculation?

23          **ATTORNEY NIKOS NAKOS:**  No, ma'am, he does not.

24          **THE COURT:**  All right.  Is that likewise withdrawn?

25          **ATTORNEY NIKOS NAKOS:**  Yes, ma'am.

1          **THE COURT:**  All right.  We'll show the withdrawal of

2    that objection.

3        Then, there was a third objection, but that went to an

4    issue of one of the conditions of supervised release, and the

5    Court will address that a little later in this proceeding.

6        So with that, then, the Court adopts the Probation

7    Officer's conclusions contained in the presentence report, and

8    finds that the guideline range set forth in the presentence

9    report is the range that is advised for this defendant.

10       Counsel, have we addressed all matters that relate

11   directly to the calculation of the advisory guidelines, Ms.

12   Morris King?

13          **ATTORNEY LOVITA MORRIS KING:**  Yes, Your Honor.

14          **THE COURT:**  Mr. Nakos, for your client?

15          **ATTORNEY NIKOS NAKOS:**  Yes, ma'am, we have.

16          **THE COURT:**  All right.

17       The application of the advisory guidelines results in the

18   following:  This involves a total offense level of 12, a

19   criminal history category of 6, a range of months of

20   imprisonment between 30 to 37 months.  There is no eligibility

21   for probation.  There is a range for supervised release of

22   between 1 to 3 years.  There is a range for a fine between

23   $3,000 to $30,000.  Restitution would be in the amount of

24   $48,311, and there would be a special assessment of $100.

25          Let me just doublecheck something.  One moment.

1    Counsel, are these calculations correct, Ms. Morris King?

2         **ATTORNEY LOVITA MORRIS KING:**  Yes, Your Honor.

3         **THE COURT:**  And Mr. Nakos?

4         **ATTORNEY NIKOS NAKOS:**  They are, Your Honor.

5         **THE COURT:**  Now, the plea agreement contains terms

6    that the Court must now consider.  First, Mr. Ward entered a

7    guilty plea to Count 4 of the indictment in return for the

8    dismissal of Counts One, Two and Three.  The conduct charged

9    in Counts One, Two and Three was considered relevant conduct,

10   and taken into account in the guideline calculation.

11        Additionally, Guideline Section 3D1.2D pursuant to that,

12   the counts would have been grouped together, resulting in the

13   same total offense level.

14        Accordingly, Count 4 adequately reflects the seriousness

15   of Mr. Ward's actual offense behavior, and accepting the plea

16   agreement and dismissing Counts One, Two and Three will not

17   undermine the statutory purposes of sentencing or the

18   sentencing guidelines.

19        Now, the defendant and the Government have also agreed

20   that Mr. Ward should be sentenced to 12 months and 1 day of

21   imprisonment.  The Court may accept this binding term of

22   imprisonment only if it finds that the agreed sentence is

23   within the applicable guideline range or that it departs for

24   justifiable reasons.  Here, the agreed term is outside the

25   applicable guideline range of 30 to 37 months.

1    At this time, I'm going to give counsel for both sides and

2    Mr. Ward the opportunity to present to the Court any statement

3    or argument or basis for the Court to consider in determining

4    whether or not there are justifiable reasons for this binding

5    sentence.

6        If I could ask you, Mr. Nakos, and your client to come up

7    to the podium at this time, I'll hear first from the

8    Government, but wait until you come up to the podium.

9        All right.  Ms. Morris King, would you want to present the

10   Court with the Government's view of the basis justified or

11   providing reasons for this departure on the sentence?

12            **ATTORNEY LOVITA MORRIS KING:**  Yes, Your Honor.

13   Having earlier discussed with the Court and counsel in an

14   earlier pretrial conference, the Government has some

15   litigative risks associated with this case.  We can speak in

16   light of a particular witness that was out of state, in Texas

17   at the time, and medical issues had developed with her mother,

18   Your Honor.  And so for those reasons, we believe that the

19   recommended 12 months and 1 day is an appropriate sentence in

20   this case.

21            **THE COURT:**  All right.

22        Mr. Nakos, anything on behalf of your client that would

23   add for the Court's consideration justifiable reasons?

24            **ATTORNEY NIKOS NAKOS:**  Just briefly, Your Honor.

25   First of all, I would concur with the Government's

1     presentation justifying their justifiable reasons.

2          Also, Judge, I think another reason, at least from the

3     defense point of view, that because of his young age of

4     incarceration, approximate age of 18 years old until just a

5     few years ago, Mr. Ward lacked any formal training in the tax

6     field, and the training that he did, as is evident by other

7     indictments in this court, certainly wasn't the best education

8     and preparation.  And with that, Judge, I think that's another

9     reason that the Court can find that it's justified to follow,

10    in my view.

11         **THE COURT:**  All right.  Mr. Ward, at this time, I'm

12    going to give you the opportunity to make any statement to

13    this Court for its consideration of reasons that you believe

14    justify the Court sentencing you to this agreed term of 12

15    months and 1 day.

16         **THE DEFENDANT:**  Uh --

17         **THE COURT:**  Any mitigating reasons that you believe

18    the Court should sentence you at that?

19         **THE DEFENDANT:**  I feel like that I got employed by a

20    tax office, and I was informed how to prepare taxes a certain

21    way without knowing the negligence in the tax field, so I

22    prepared them the way I was informed how to prepare them, and

23    I did it.  To my knowledge now, it was the wrong way to

24    prepare taxes, so I'm accepting responsibility for my actions

25    of preparing taxes wrong.

1    **THE COURT:**  I'll give you an opportunity, Mr. Nakos

2   and Mr. Ward, to address the Court a little bit later as we

3   proceed in this sentencing and to give Mr. Ward the

4   opportunity to address the friends and family members who are

5   here in support of him today.  But I appreciate these

6   statements for my consideration.

7    For the reasons just presented to the Court, that is

8   concerns with regard to litigation risks and also the concerns

9   with regard to the defendant's criminal history and his

10  personal history characteristics, the Court accepts the plea

11  agreement.  The Court realizes that this case in itself is not

12  a violent offense.  The defendant, Mr. Ward, does need to pay

13  the restitution that's going to be a component of the

14  sentence, and a longer sentence would not add more to the

15  deterrent effect to prevent him from doing this kind of --

16  engaging in this kind of criminal activity again.  It also

17  provides a more tailored approach to sentencing as well as

18  will the conditions of supervision that will be an added

19  component to his sentence.  So for all of those reasons, the

20  Court will accept the plea agreement.

21   Let me just point out that with regard to the remaining

22  issue of the terms and conditions of supervised release, the

23  Court will discuss that further at the appropriate time in

24  this sentence.

25   Having now accepted the plea agreement, Mr. Ward, let me

1  ask you, sir, do you understand that today's judgment that

2  will be entered in your case will show that Counts One, Two

3  and Three of the indictment against you will be dismissed, and

4  that you'll be sentenced now to a term of imprisonment of 12

5  months and 1 day?

6          **THE DEFENDANT:**  That's correct.

7          **THE COURT:**  Did the Government wish to move for the

8  dismissal of those counts at this time, Ms. Morris King?

9          **ATTORNEY LOVITA MORRIS KING:**  Yes, Your Honor, the

10  Government so moves.

11          **THE COURT:**  So the Court grants the Government's

12  Motion to Dismiss Counts One, Two and Three of the indictment

13  against Mr. Ward at this time.

14      Now, let me ask you, Mr. Nakos, was there any further

15  argument you wished to present with regard to the proposed

16  conditions that would apply to your client's supervised

17  release other than what has already been presented as

18  discussed in the addendum to the presentence report, which was

19  your client's concern with regard to a condition that would

20  involve possibly being recommended into a drug abuse program?

21  I'll hear from you now.

22          **ATTORNEY NIKOS NAKOS:**  Thank you.  On October the 1st

23  of this year, I traveled to the Allen County confinement

24  facility and discussed the contents of the pretrial

25  conference, which was conducted the previous -- earlier in the

1  week, that week.  And I informed Mr. Ward that because he was

2  ordered into a halfway house, then, in his Ohio case, as a

3  result of his testing positive, the Court felt that it would

4  be necessary for some time for rehabilitation efforts, and we

5  understand the Court's rationale.

6        **THE COURT:**  Okay.  All right.

7     Is the objection to that proposed condition being

8  withdrawn?

9        **ATTORNEY NIKOS NAKOS:**  Yes, we are.

10        **THE COURT:**  Mr. Ward?  Mr. Ward?

11        **THE DEFENDANT:**  Yes.

12        **THE COURT:**  Because I was going to ask you, Mr. Ward,

13  too, with regard to any of these other proposed conditions of

14  your supervised release that you're going to need to live with

15  and abide by, did you have any questions with regard to any of

16  them or other concerns with regard to any of them?

17        **THE DEFENDANT:**  No, I don't.

18        **THE COURT:**  All right.

19     And just let me confirm again what Mr. Nakos has said that

20  you did have an opportunity to read through the Court's notice

21  of all those proposed conditions --

22        **THE DEFENDANT:**  Yes.

23        **THE COURT:**  -- of supervised release?  All right.

24     Were there any concerns or issues with regard to the

25  Court's proposed conditions of supervised release from the

1   Government, Ms. Morris King?

2           **ATTORNEY LOVITA MORRIS KING:**  No, Your Honor.

3           **THE COURT:**  Mr. Ward, let me ask you now, do you

4   agree with everything that your lawyer has said and done on

5   your behalf in representing you in your case?

6           **THE DEFENDANT:**  Yes, I do.

7           **THE COURT:**  Let me ask -- go back to Mr. Nakos, was

8   there anything else you wanted to present to the Court or

9   argue with regard to the sentence to be imposed on your

10  client?

11          **ATTORNEY NIKOS NAKOS:**  Judge, if this is the

12  appropriate time to make my record with the projected out

13  date, then yes, I would like to add something.

14          **THE COURT:**  You may do so.

15          **ATTORNEY NIKOS NAKOS:**  Thank you.  Judge, as was

16  discussed at the pretrial conference prior to the sentencing,

17  the Court informed both the Government attorneys and defense

18  attorney that it was to be determined by the Bureau of Prisons

19  and that there were other remedies available.  I did follow

20  the remedy that was provided by the Bureau of Prisons.  I

21  wrote a letter to the Bureau of Prisons in Grand Prairie,

22  Texas asking them to recalculate the projected out date as of

23  October 22nd, 2016, as Mr. Ward and I both believe, using the

24  dates contained in Ms. Klopfenstein's presentence report, on

25  December 9th, 2015 being his first date of incarceration and

1  no other cases being given any time credit during that time

2  period of his incarceration from December 9th, 2015 to the

3  present, that his projected out date should, in fact, be

4  October 15th, 2016.

5      **THE COURT:**  All right.  And what, if any, further

6  response was there from --

7      **ATTORNEY NIKOS NAKOS:**  There was no response as of

8  yet, Judge.

9      **THE COURT:**  Okay.

10     **ATTORNEY NIKOS NAKOS:**  I did speak with the Federal

11 Defender's office and they did indicate they're a little bit

12 slow, and they have filed 26 and only one was granted, but we

13 still wanted to preserve the record.

14     **THE COURT:**  Right.  And the Court appreciates concern

15 by Mr. Ward with regard to the calculation as to that release

16 date, but under the sentencing statutes as well as the case

17 law in this Seventh Circuit, the Sentencing Court cannot make

18 calculations with regard to that factor into a release date,

19 or make calculations with regard to what time is being served,

20 and what time should be credited against an individual

21 defendant's record.  That is within the exclusive province of

22 the Bureau of Prisons and, in fact, it can be error for the

23 Court to do such a thing.

24     And so that's why when Mr. Nakos raised that issue -- and

25 it's appropriate to be raised by defense counsel on behalf of

1  a defendant who is concerned about being close to time served

2  or those issues -- that the Court referenced counsel to go

3  through the available administrative process to attempt to

4  contact the Bureau of Prisons to that end.

5       I know, too, you know, there is some effort that is made

6  by the U.S. Probation Office to, you know, roughly look at

7  those timing issues, but again it's not within their province

8  or authority either.  It's up to the Bureau of Prisons.  It's

9  a separate entity.

10      And so I believe maybe, perhaps, after today's sentencing

11  and once a judgment is entered in the case, then the Bureau of

12  Prisons may have that final component to do a final

13  determination.

14      But I just wanted the defense and Mr. Ward to understand

15  why the Court cannot intervene or make a separate calculation

16  of its own to be binding in a case.  It simply cannot.

17           **ATTORNEY NIKOS NAKOS:**  If I may, Your Honor.

18           **THE COURT:**  Certainly.

19           **ATTORNEY NIKOS NAKOS:**  We had discussed this earlier

20  again on the 1st at the Allen County confinement facility.

21  However, just to make the record clear on behalf of Mr. Ward's

22  position, that upon my receipt of the judgment order,

23  sentencing order, I will turn around and send it to the Bureau

24  of Prisons.

25           **THE COURT:**  That's done within the Court system, too.

1   So they'll have notice as of today on what the sentence is and

2   such.  Because the copy of that judgment goes into the

3   electronic system; it goes to all the involved entities.

4        Let me ask, did the Government have any further comment or

5   recommendation with regard now to the sentence to be imposed

6   in this matter, Ms. Morris King?

7            **ATTORNEY LOVITA MORRIS KING:**  Nothing additional,

8   Your Honor.

9            **THE COURT:**  And if I didn't ask before, I'm going to

10  ask now.  If I did, there were no concerns by the Government

11  with regard to any of the Court's proposed conditions?

12           **ATTORNEY LOVITA MORRIS KING:**  That is correct, Your

13  Honor.

14           **THE COURT:**  All right.  I'll state the sentence now,

15  but I'll give counsel a final opportunity to make any legal

16  objections before the sentence is finally imposed.

17       With respect to the conditions of supervision to be

18  imposed, I find that they reasonably relate to the nature and

19  circumstances of the offense of conviction, to the history and

20  characteristics of the defendant and to the purposes of

21  sentencing other than punishment; that they involve no greater

22  deprivation of liberty than reasonably necessary for the

23  relevant purposes of sentencing, and that where appropriate,

24  they are consistent with the policy statements of the

25  Sentencing Commission.

1    The reasons supporting the conditions were presented in

2 this Court's notice and those reasons are incorporated into

3 the record.

4    With respect to the term of imprisonment, again, the Court

5 has accepted the plea agreement including the binding term of

6 imprisonment.

7    Before I pronounce the sentence now, let me just ask one

8 more time, Mr. Ward, was there any further statement you wish

9 to make to the Court?

10    **THE DEFENDANT:**  No.

11    **THE COURT:**  Do you wish to make any statement to the

12 friends and family members who are here in support of you

13 today?

14    **THE DEFENDANT:**  No.

15    **THE COURT:**  It would then be the judgment of the

16 Court that the defendant, Ronald Ward, be committed to the

17 custody of the Bureau of Prisons to a term of imprisonment of

18 12 months and 1 day.  The defendant shall be placed on 1 year

19 of supervised release thereafter.

20    While the defendant is on supervised release pursuant to

21 this judgment, the defendant shall comply with the following

22 conditions as required by 18 U.S.C., Section 3583(d):

23    The defendant shall not commit another federal, state or

24 local crime during the period of supervision;

25    The defendant shall not unlawfully possess a controlled

018

1    substance;

2         The defendant shall refrain any unlawful use of a

3    controlled substance;

4         The defendant shall submit to a drug test within 15 days

5    of release on supervision;

6         The defendant shall submit to at least 2 periodic tests

7    thereafter for use of a controlled substance;

8         The defendant shall cooperate in the collection of a DNA

9    sample from the defendant, if the collection of such a sample

10   is authorized pursuant to Section 3 of the DNA Analysis

11   Backlog Elimination Act of 2002.

12        The defendant shall comply with the following

13   discretionary conditions as provided by 18 U.S.C., Sections

14   3563(B)(1) through 23, and 3583(D).

15        The defendant shall not knowingly leave the jurisdiction

16   of the Northern District of Indiana unless granted permission

17   to leave by the Court or a Probation Officer.

18        A map of the jurisdiction of the Northern District of

19   Indiana and its 32 counties can be found at the web site of

20   the United States Probation and Pretrial Services.

21        The defendant shall report to the Probation Officer as

22   reasonably directed by the Court or the Probation Officer.

23        The defendant shall answer inquiries by a Probation

24   Officer pertaining to his supervision and notify the Probation

25   Officer within 72 hours of any change in residence or change

 1   of employer.  This condition does not prevent the defendant

 2   from invoking his 5th Amendment privilege against self

 3   incrimination.

 4       The defendant shall notify the Probation Officer within 72

 5   hours of being arrested or questioned by a law enforcement

 6   officer.  The defendant shall permit a Probation Officer to

 7   visit him at his home between the hours of 8:00 a.m. to 8:00

 8   p.m.  A Probation Officer can make an oral or written request

 9   to the Court to allow for a reasonable alternative time period

10   or a place for the visit.

11       The defendant shall make reasonable effort to maintain

12   employment at a lawful occupation unless excused by the

13   Probation Officer for acceptable reasons, for example,

14   schooling, training, childcare, elder care, disability, age,

15   or serious health condition, or shall pursue a course of study

16   or vocational training that will equip the defendant for

17   employment at a lawful occupation.

18       The defendant shall not meet, communicate or otherwise

19   interact with a person whom he knows to be engaged, or is

20   planning to be engaged in criminal activity.

21       The defendant shall not knowingly possess a firearm,

22   destructive device, or any other dangerous weapon.

23       The defendant shall make restitution to the victim of the

24   offense as follows:  The Internal Revenue Service in the

25   amount of $48,311.

1    The defendant shall not be employed or seek employment as

2    a tax return preparer.  Additionally, the defendant shall not

3    practice or seek to practice in front of the Internal Revenue

4    Service, IRS, as an enrolled agent or otherwise.

5        The defendant shall comply with the following

6    discretionary conditions as provided by Guideline Section

7    5D1.3:

8        The defendant shall not physically, voluntarily and

9    intentionally be present at a place that he knows or has

10   reason to know that controlled substances are illegally sold,

11   used, manufactured, distributed or administered.

12       The defendant shall not enter into any agreement to act as

13   an informer or a Special Agent of a law enforcement agency

14   without the permission of the Court.

15       The defendant shall participate in a program approved by

16   the United States Probation Office for substance abuse, if

17   necessary, after evaluation at the time of release.

18       The defendant shall pay all or part of the costs for

19   participation in the above program, not to exceed the sliding

20   fee scale as established by the Department of Health and Human

21   Services and adopted by this Court as the U.S. Probation

22   Office determines that the defendant is financially capable of

23   paying.

24       Failure to pay, due to financial inability to pay, shall

25   not be grounds for revocation.

1    The defendant shall pay the special assessment imposed in

2    accordance with 18 U.S.C., Section 3013.

3    The defendant's default on the payment of the special

4    assessment may result in revocation and penalties being

5    ordered under 18 U.S.C., Sections 3013(b) and 3613.

6    The defendant shall be prohibited from incurring new

7    credit charges or opening additional lines of credit without

8    approval of the Probation Officer, unless the defendant is in

9    compliance with the installment payment schedule imposed for

10   payment of restitution.

11   The defendant shall provide a Probation Officer with

12   specific financial information regarding the defendant's

13   ability to pay restitution upon a written or oral request by a

14   Probation Officer made to and approved by the Court.

15   The request must be prompted by the defendant's failure to

16   comply with the payment schedule, ordered for a period of 60

17   consecutive days, and the request must describe the specific

18   financial information needed for determining the defendant's

19   current ability to pay.

20   It is further ordered that the defendant shall pay

21   restitution to the United States District Court Clerk's Office

22   at 1300 South Harrison Street, Fort Wayne, Indiana, 46802,

23   which shall be due immediately to be paid at a minimum rate of

24   $50 per month commencing 1 month after placement on

25   supervision until such time as the defendant, victim or

1    Government notifies the Court that there has been a material

2    change in the defendant's ability to pay.

3        Restitution shall be disbursed to the following victim:

4    The Internal Revenue Service in the amount of $48,311.

5        The Court finds that the defendant does not have the

6    ability to pay interest.  The Court will, therefore, waive the

7    interest requirement in this case.

8        The Court finds that the defendant does not have the

9    ability to pay a fine, and waives the imposition of a fine in

10   this case, due to the defendant's inability to pay.

11       The Court, however, does order that the defendant pay a

12   special assessment of $100 to the United States, which shall

13   be due immediately.

14       Counsel, let me ask you, each in turn now, whether or not

15   you know of any reason, other than reasons that have already

16   been presented into the record why this sentence should not be

17   imposed as stated; Ms. Morris King for the government?

18            **ATTORNEY LOVITA MORRIS KING:**  No, Your Honor.

19        **THE COURT:**  Mr. Nakos, for your client?

20        **ATTORNEY NIKOS NAKOS:**  No, ma'am.

21        **THE COURT:**  Then at this time, the Court orders the

22   sentence be imposed as stated.

23       Mr. Ward, before we conclude on this hearing, before I

24   advise you with regard to your appellate rights at this point,

25   I just want to comment that you're 39 years old now?

1        **THE DEFENDANT:**  Forty.

2        **THE COURT:**  Forty now?  And you have, you know,

3    accrued a substantial criminal history, most of it dating back

4    to the time when you were in Chicago and as a younger man

5    running with the gang back there.  And the Court understands

6    that.  But this added felony, federal felony conviction on

7    your record just rachets things up for you.

8        I hope that now at this point in your life, and with all

9    the obligations that you have to your family -- I understand

10   your wife is here in support of you today, and one of your

11   children.  And who else is here today?

12       **THE DEFENDANT:**  My 2 sisters and my brother-in-law.

13       **THE COURT:**  Say that louder.

14       **THE DEFENDANT:**  I have 2 sisters and a

15   brother-in-law.

16       **THE COURT:**  So, you know, you have family that wants

17   you to be here with them, and be a part of the family's life

18   and the children that you have responsibility for.  That's why

19   it's so important that you not come into the criminal justice

20   system again.

21       I know you have some unfinished business over with Ohio,

22   and some of the things that are pending over there.  I'm

23   hopeful, though, that in this year of supervised release with

24   all those conditions that I've read into the record now, that

25   you're able to abide by them.  Because if you're not, if

1   you're not doing all of those things -- and even if you think

2   some of those conditions, you know, are being problematic for

3   you, you've not indicated any objections today before the

4   Court, and understand the reason why potential drug program

5   might be required or recommended by the Probation Officer.

6        If you're able to get through that year without violating

7   and coming back in front of me, and potentially facing more

8   jail time, then I think you stand an excellent chance of never

9   coming back into the system again.  Because if you do, the

10  consequences are huge for you and your family.  So I'm

11  hopeful.  With your family here in support of you -- and

12  believe me, most defendants coming here have nobody here for

13  them.  But you've got a lot going for you, and I hope you make

14  good on your determination to go forward.

15       You said you're interested in maybe becoming a paralegal?

16            **THE DEFENDANT:**  Yes, ma'am.

17            **THE COURT:**  And that's certainly an avenue that

18  remains open for you and given your background and experience

19  both in and out of the system, you would have -- bring a lot

20  to that position in order to advise others.  So I'm hopeful

21  that you're able to do that.  The consequences are dire if you

22  do not.

23       So with that said, let me advise you now, Mr. Ward, that

24  you have heard the judgment of the Court imposing sentence on

25  you.  Pursuant to Rule 32(J)(1) of the Federal Rules of

1    Criminal Procedure, you're advised that you can appeal your

2    conviction in this case if you believe that your guilty plea

3    was somehow unlawful or involuntary, or if there is some other

4    fundamental defect in the proceeding that was not waived by

5    your guilty plea.

6        You also have a statutory right to appeal your sentence

7    under certain circumstances, particularly, if you think the

8    sentence is contrary to law.  However, a defendant may waive

9    those rights as part of a plea agreement, and you have entered

10   into a plea agreement in which you waived your right to appeal

11   the conviction itself on any ground or to contest the sentence

12   or the manner in which it was determined or imposed.

13       Such waivers are generally enforceable.  But if you

14   believe the waiver is unenforceable, you can present that

15   theory to the Court of Appeals.

16       With few exceptions, any Notice of Appeal must be filed

17   within 14 days of judgment being entered in your case.  If you

18   want to file an appeal, and if you are unable to pay the cost

19   of an appeal, you may apply for leave to appeal informa

20   pauperis, which means you may be able to pursue an appeal at

21   no cost to you.  If you so request, the Clerk of the Court

22   will prepare and file a Notice of Appeal on your behalf.

23       Mr. Ward, do you understand your appellate rights?

24           **THE DEFENDANT:**  Yes, I do.

25           **THE COURT:**  Mr. Nakos, I'm required to remind you of

1   your duty to perfect a timely appeal of this sentence, should

2   your client wish to do so.   Furthermore, pursuant to Circuit

3   Rule 51, you are responsible for the continued representation

4   of your client on appeal, unless specifically relieved of that

5   duty by the Court of Appeals upon a Motion to Withdraw for

6   good cause.

7        Finally, all requests for the appointment of counsel on

8   appeal must be taken to the Court of Appeals, as this Trial

9   Court does not have the authority to grant or deny those

10  requests.

11       Now, after the conclusion of this hearing, Miss

12  Klopfenstein will meet with Mr. Ward and verbally explain and

13  provide him with a written copy of the conditions of

14  supervised release.

15       Mr. Ward, during the time period you're on supervised

16  release, you can always submit a written request to the Court

17  for modification of one or more of the non-mandatory

18  conditions if you believe that there has been a change in --

19  substantial change in your circumstances in life.   That kind

20  of request can also come from the Probation Officer for the

21  Court to modify your conditions.   Such a request may require a

22  hearing, though, before the Court again.

23       With that, let me ask counsel in turn, are there any other

24  matters that we need to set into this record with regard to

25  the sentence imposed on Mr. Ward, Ms. Morris King?

1          **ATTORNEY LOVITA MORRIS KING:**  No, Your Honor.

2          **THE COURT:**  Mr. Nakos, for your client?

3          **ATTORNEY NIKOS NAKOS:**  No, ma'am.

4          **THE COURT:**  Then at this time, the Court is going to

5     remand Mr. Ward back to the custody of the United States

6     Marshal Service to await or to serve the remainder on his

7     sentence and good luck to you sir, going forward.

8        We're concluded on this matter.

9          **THE DEFENDANT:**  Thank you.

10         **ATTORNEY NIKOS NAKOS:**  Thank you, Your Honor.

11         **THE CLERK:**  All rise.

12

13                          *   *   *

14

15

16

17

18

19

20

21

22

23

24

25

## <u>CERTIFICATE OF THE REPORTER</u>

I hereby certify that the foregoing proceedings is true and correct, as taken down and transcribed to the best of my ability, with the aid of realtime computer-aided transcription and/or transcriptionist.


s/ Tina M. Gallucci_____
**Tina M. Gallucci, RMR, CRR, FCRR**
**United States District Court Reporter**


*Certificate applies only to Original Transcript hereof, and does not apply to any copies of this, whether Xerox or computerized.*